IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| AMBROSIO HERNANDEZ, JR., | § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 1:17-CV-00087 |
| THE UNITED STATES OF AMERICA AND ROBERT RODRIGUEZ, | § § § § § | |
| *Defendants.* | § § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court are Defendant's Motion for Summary Judgment [Doc. No. 43], Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. No. 44], and Defendant's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment [Doc. No. 45]. For the following reasons, the Court grants the Defendant's motion.

### **I. Background**

The Court described the facts of this case in detail in its July 2, 2018 order regarding the defendant's previous motion for summary judgment. [Doc. No. 40]. For the sake of brevity, the Court recounts only the relevant facts here.

At approximately 8:00 PM on July 29, 2016, near the Texas-Mexico border in Brownsville, Texas, a blue SUV sped past several border patrol agents while travelling at a high rate of speed. [Navarro Decl. 1]. Agents Juan Ruiz and Robert Rodriguez, who were parked nearby in separate vehicles, responded to the incident because they suspected the driver was attempting to transport drugs into the United States. [Ruiz Dep. 26:8–28:4].

Agent Ruiz drove a marked cruiser sedan and Agent Rodriguez drove an unmarked Ford F-150, both of which were official Border Patrol vehicles. [*Id.* at 38:13–20]. The agents followed the SUV for a short time, but it proceeded over a levee and over a set of railroad tracks. [Rodriguez Dep. at 62:11, 63:6–9]. The agents testified that they were forced to slow their vehicles as they followed the SUV over those obstacles. [*Id.* at 67:14–22]. At this point, Agent Rodriguez radioed that he would "hang back" to create space between himself and the SUV. [*Id.* at 129:21–25]. The agents watched as the SUV turned off of the main thoroughfare and disappeared from view. [*Id.* at 65:17–21]. They continued in the direction the vehicle had gone, and again saw it turn, but it again turned out of their view. [*Id.* at 76:14–21]. Agent Ruiz used both his lights and siren, while Agent Rodriguez activated his emergency lights, but not his siren. [Doc. No. 30, Ex. 8].

The SUV, still traveling well above the speed limit, and having ignored at least one stop sign, eventually collided with the Plaintiff's vehicle in the middle of an intersection. [*Id.* at 78:22–25; Hernandez Dep. 55:21–56:2]. The driver of the SUV was killed, and several bundles of marijuana were found at the scene. [Rodriguez Dep. 9:24–10:1; Ruiz Decl. 2]. As a result of the crash, the Plaintiff complained of chest pain and an injury to his left big toe, and his car was totaled. [Hernandez Dep. 105:9–17]. He was transported to a hospital and released later that night. [*Id.* at 79:11–12]. Agent Ruiz estimated the chase lasted approximately a minute. [Ruiz Dep. 51:14–18].

The plaintiff sued the Government pursuant to the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b) and 2675(a), which waives the United States' sovereign immunity for certain tort claims brought against the Government. The United States may be liable to a plaintiff pursuant to the FTCA, "in the same manner and to the same extent as a

private individual under like circumstances under substantive state law." *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014) (quoting 28 U.S.C. § 2674). Texas law applies here because the allegedly wrongful acts occurred in Texas.

After the Court granted the defendant's previous motion for summary judgment, the plaintiff has remaining claims for negligent hiring, training, and supervision.

### III. Legal Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In considering the evidence, a court will "construe all facts and inferences in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). After a movant submits a properly supported motion, the burden shifts to the non-moving party to show that summary judgment is not proper. *Celotex Corp. v Catrett*, 477 U.S. 317, 322–25 (1986). The non-moving party must provide specific facts to show that there is a genuine dispute of material fact. *Id.* at 324.

### IV. Discussion

An employer may be held liable if its negligent hiring, training, or supervision of an employee proximately causes a plaintiff's injury. *See LaBella v. Charlie Thomas, Inc.*, 942 S.W.2d 127, 137 (Tex. App.—Amarillo 1997, writ denied) (negligent hiring); *Allsup's Convenience Stores, Inc. v. Warren*, 934 S.W.2d 433, 437 (Tex. App.—Amarillo 1996, writ

denied) (negligent training); *Mackey v. U.P. Enterprises, Inc.*, 935 S.W.2d 446, 459 (Tex. App.—Tyler 1996, no writ) (negligent supervision). The plaintiff must "show that such negligence was the proximate, and not the remote, cause of resulting injuries . . . [and] . . . that such injury was the natural and probable result thereof." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (citing *Carey v. Pure Distrib. Corp.*, 124 S.W.2d 847, 849 (Tex. 1939)). The defendant in this case argues, and the Court agrees, that the plaintiff has failed to create a genuine dispute of material fact as to proximate cause.

The plaintiff has not shown that any failure to reasonably hire, train, or supervise Agents Ruiz and Rodriguez—assuming any such failure occurred—was the proximate cause of the accident. Even if the plaintiff could show that the Government breached a duty to reasonably hire, train or supervise the officers, there is no evidence that any such breach led to the SUV's speeding, or led to the SUV's collision with the plaintiff's vehicle.

First, the suspect's vehicle was *already* speeding when the agents began following it. The plaintiff has not shown that the agents' pursuit of the SUV caused it to travel at unsafe speeds, or that the agents caused the vehicle to drive in an unsafe manner. The SUV was speeding before the officers ever encountered it and there is no evidence it began or continued speeding because of the officers.

Second, the Court determined in its previous opinion, and the parties basically concede, that at least one officer used his siren during the pursuit. Even if the plaintiff could show that the Government was negligent in training or supervising one of the agents with respect to the use of his siren, the plaintiff cannot show that any such negligence proximately caused the accident, because at least one officer did employ his siren. There is no proof that the use of an additional siren would have made the least bit of difference. Further, it is immaterial that Agent Rodriguez

drove a Ford F-150 pickup truck during the pursuit, but had only completed a vehicle-pursuit training course for sedans. There is no evidence that the officers' driving techniques contributed to the accident in any way, and there is certainly no evidence that Rodriguez's failure to complete a pickup-truck vehicle-pursuit course contributed to it. Ultimately, the plaintiff has not shown that the accident occurred because of any of the officers' actions.

The plaintiff cannot trace the SUV's speeding or the resulting accident to the actions of either agent, and certainly cannot trace them back to any alleged negligence by the Government. Without such a showing, there is no genuine dispute that any negligent hiring, training, or supervision proximately caused his injury. Therefore, summary judgment is appropriate.

## V. Conclusion

For the foregoing reasons, the Court grants the Government's motion for summary judgment. [Doc. No. 43].

Signed this 31st day of August, 2018.

Andrew S. Hanen
United States District Judge